# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KELTON WILLIAMS, | CASE NO. 12-CV-3072- IEG (BLM) |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | **1. GRANTING MOTION TO COMPEL ARBITRATION; AND** |
| AMERICAN SPECIALTY HEALTH GROUP, INC., et al. | **2. STAYING ALL CLAIMS PENDING ARBITRATION**. |
| Defendants. | [Doc. No. 26] |

Before the Court is Defendants' motion to compel arbitration and dismiss or stay pending arbitration. [Doc. No. 26.] For the reasons and to the extent below, the motion is **GRANTED** and Plaintiff Kelton Williams's claims in this action against American Specialty are hereby **STAYED** pending arbitration.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this employment action against his former employer American Specialty Health Group, Inc. ("American Specialty") and three individual American Specialty employees, alleging discrimination and retaliation in violation of Plaintiff's civil rights. [Doc. No. 1.] Plaintiff signed an arbitration agreement on his first day of employment with American Specialty, which agreement states:

> All disputes of any nature concerning the employment of [Williams by American Specialty] . . . including all claims for wages or compensation, all termination claims, alleged claims of discrimination or harassment, or other employment-related disputes shall be settled by final, binding arbitration before a single neutral arbitrator.

[*See* Doc. No. 19, Ex. A at 1 §C(2) (the "Agreement").][1] By the present motion, Defendants seek to enforce the agreement, compel arbitration thereunder, and request that the Court dismiss or stay Plaintiff's claims pending arbitration. Plaintiff disputes neither the existence of the arbitration agreement nor that it encompasses his claims in this action, but argues that the arbitration agreement is invalid as unconscionable.

## DISCUSSION

"The Federal Arbitration Act ("FAA" or the "Act") declares written provisions for arbitration 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681, 683 (1996) (quoting 9 U.S.C. § 2). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4).[2] "Because the FAA mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed, the FAA limits courts' involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (emphasis in original). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Here, there is no dispute that a signed, written arbitration agreement exists, which by its terms encompasses the claims at issue; the only dispute is whether that arbitration agreement is

---

[1] The arbitration agreement expressly covers all persons "affiliated" with American Specialty, [Agreement at §C(2), (3)], and thus applies to the individual defendants even though they are not signatories. *See 24 Hour Fitness, Inc. v. Superior Court*, 66 Cal.App.4th 1199, 1210-12 (1998) ("It is well established that a nonsignatory beneficiary of an arbitration clause is entitled to require arbitration.").

[2] "§3 requires courts to stay litigation of arbitral claims pending arbitration of those claims . . . §4 requires courts to compel arbitration . . . upon the motion of either party to the agreement." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011) (internal quotation omitted).

invalid as unconscionable. [*See* Doc. Nos. 19 at 3-4, 26 at 11-14.] "In determining the validity of an agreement to arbitrate, federal courts should apply ordinary state-law principles that govern the formation of contracts." *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002). Under applicable California contract law, an arbitration agreement will be invalidated as unconscionable only "if it is both procedurally and substantively unconscionable." *Id.* at 893 (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 99 (2000)). "[P]rocedural unconscionability [] consider[s] the equilibrium of bargaining power between the parties and the extent to which the contract clearly discloses its terms." *Id.* "[S]ubstantive unconscionability . . . involves whether the terms of the contract are unduly harsh or oppressive." *Id.* Courts use a "sliding scale" in analyzing these two elements: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (quoting *Armendariz*, 24 Cal.4th at 99). No matter how heavily one side of the scale tips, however, showings of both procedural and substantive unconscionability are required to hold an arbitration agreement invalid as unconscionable. *Id.*; *see also Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007) ("both must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.") (internal quotation omitted).

     As to procedurally unconscionability, Plaintiff makes two arguments: (1) the arbitration agreement is a contract of adhesion; and (2) the JAMS arbitration rules applicable under the agreement were never provided. [Doc. No. 26 at 11-12.] That an arbitration agreement is, or is included within, a contract of adhesion supports procedural unconscionability. *See, e.g.*, *Armendariz*, 24 Cal.4th at 113; *see also Nagrampa,* 469 F.3d at 1281; *Adams*, 279 F.3d 889, 893. Likewise, that a party to an arbitration agreement never received the arbitration rules applicable thereunder supports procedural unconscionability. *See Zullo v. Superior Court*, 197 Cal. App. 4th 477, 485 (2011) ("The absence of the . . . arbitration rules adds a bit to the procedural unconscionability."); *Trivedi v. Curexo Technology Corp.*, 189 Cal. App. 4th 387, 393 (2010) (holding that failure to attach arbitration rules added to the procedural unconscionability).

1  Defendants concede both the adhesive nature of the arbitration agreement and that Plaintiff never
2  received the applicable JAMS rules. [Doc. No. 19-1 at 14 (Where, as here, . . . the contract is one
3  of adhesion . . ."), 13 ("Plaintiff's . . . failure to obtain the JAMS rules . . . does not render the
4  agreement unenforceable.").]  Thus, the Court finds the arbitration agreement, at least to some
5  degree, procedurally unconscionable.

6  But to be rendered invalid as unconscionable, the agreement must also be to some degree
7  substantively unconscionable. *Davis*, 485 F.3d at 1072.  Plaintiff's arguments as to substantive
8  unconscionability reduce to concerns that arbitration may prove more costly that proceeding in
9  court. [Doc. No. at 26 at 12-14.] Though the imposition of costs beyond those required in court
10 can, under certain circumstances, support substantive unconscionability, *see Armendariz*, 24
11 Cal.4th at 110-11, the arbitration agreement here explicitly allocates all such costs to American
12 Specialty alone. [Agreement at §C(2) (any cost "greater that an action in [Court]" allocated to
13 American Specialty).]  Plaintiff's concerns thus appear unwarranted and fail to support a finding of
14 substantive unconscionability.  Moreover, many of the agreement's terms weigh against a finding
15 of substantive unconscionability.  The obligation to arbitrate under the agreement is wholly
16 bilateral; both parties are bound to settle any dispute via arbitration. [Agreement at §C(2).]  And
17 selection of a neutral arbitrator under the agreement requires participation by both Plaintiff and
18 American Specialty pursuant to well-known and widely-endorsed JAMS procedure. [*Id*. at 1.]  No
19 statutory remedies are precluded, and any arbitration award must be written to explain essential
20 findings, reasoning, and conclusions. [*Id.*]  These terms belie any suggestion of unequal or
21 oppressive burden, and thus the Court cannot find the agreement substantively unconscionable to
22 any degree.

23 Notwithstanding the apparent procedural unconscionability referenced *supra*, the absence
24 of any degree of substantive unconscionability prevents a finding that the arbitration agreement is
25 invalid as unconscionable. *Davis*, 485 F.3d at 1072.  Thus, as the arbitration agreement is both
26 ///
27 ///
28

valid and encompasses Plaintiff's claims, those claims are to be arbitrated per the terms of the agreement.[3]

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration is **GRANTED**. Plaintiff's claims in this action are hereby **STAYED** pending arbitration in accordance with the terms of the arbitration agreement. The parties shall cooperate to initiate the arbitration proceedings forthwith. Counsel for Defendants shall provide the Court with a letter report regarding the status of the arbitration <u>on or before August 5, 2013.</u>

**IT IS SO ORDERED.**

**DATED:** April 16, 2013

**IRMA E. GONZALEZ**
**United States District Judge**

---

[3] Defendants are not entitled to dismissal pending arbitration. *See AT&T Mobility*, 131 S. Ct. at 1748 (2011) ("§3 [of the FAA] requires courts to stay litigation of arbitral claims pending arbitration of those claims"); *see also Epic Advertising v. Asis Internet Services*, 2011 WL 6182180, at *1 (N.D. Cal. Dec. 13, 2011) ("pursuant to Section 3 of the FAA, the court is required to stay, not dismiss, the action pending arbitration . . . Defendants are not entitled to dismissal of the instant action.").